Edward H. **STEFFES and Phyllis M. Steffes, Plaintiffs and Appellees,**

v.

**C.A. POTTER (a.k.a. Charles A. Potter), Defendant and Appellee,**

**Cassandra Berg, James Potter, Jack Potter, Paul Potter, Mark Potter, Judy Edstrom, Susan Jasio, and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the complaint, Defendants and Appellants.**

**Civ. No. 11041.**

Supreme Court of North Dakota.

June 6, 1986.

Jack Potter, pro se, and for defendants and appellants.

Ohnstad, Twichell, Breitling, Rosenvold, Wanner, Nelson, Neugebauer & Maring, West Fargo, for defendant and appellee; appearance by Michael Dan Nelson; argued by Lisa Kay Crothers.

LEVINE, Justice.

This is an appeal by Cassandra Berg, James Potter, Jack Potter, Paul Potter, Mark Potter, Judy Edstrom and Susan Jasio (appellants) from a judgment which dismissed their cross-claim against C.A. Potter as being barred by the statute of limitations. We affirm.

This dispute concerns a tract of land (Lot 5) acquired in 1938 by J.H. Potter and Hattie Potter, husband and wife, as tenants in common. C.A. Potter and the appellants are heirs of J.H. and Hattie.

In 1962 J.H. executed his will purporting to devise all, not simply his one-half undivided interest, in Lot 5 to C.A. Potter.

Following the death of J.H. in 1968 C.A. Potter was appointed executor of his will. Because the will was probated as drawn, as

if J.H. were the sole owner of Lot 5, the final decree of distribution mistakenly, yet innocently, conveyed complete ownership of Lot 5 to C.A. Potter. (The correct distribution would have conveyed only J.H.'s one-half undivided interest in Lot 5, thus making C.A. Potter a tenant in common with Hattie.)

This mistake, however, was not rectified and on January 10, 1972 C.A. Potter entered into a contract for deed to sell Lot 5 to the predecessors in interest of Edward H. Steffes and Phyllis M. Steffes (hereinafter Steffes).

Six months later Hattie Potter died intestate and, apparently, due to the continuing mistaken belief that Hattie had no interest in Lot 5, her estate was not probated. Eventually this error was discovered and in February 1984 an heirship proceeding established Hattie's interest in Lot 5 and also the appellants and C.A. Potter as her heirs.

After the appellants' interest in Lot 5 was discovered, Steffes, in June 1984, filed an action against the appellants and C.A. Potter to quiet title to Lot 5. Two months later the appellants cross-claimed against C.A. Potter demanding, as heirs of Hattie's interest in Lot 5, their shares of the proceeds from the C.A. Potter-Steffes contract for deed.

In August 1984 summary judgment was granted quieting title to Lot 5 in Steffes and that judgment was affirmed by this Court. *Steffes v. Potter*, Civil No. 11,048 (May 13, 1986).

Subsequently, in May 1985 the trial court dismissed the cross-claim. The trial court concluded that because the cross-claim accrued in 1972, but was not interposed until 1984, that it was barred by the statute of limitation in North Dakota Century Code § 28–01–22.[1] This appeal followed.

■ The appellants contend that the statute of limitation does not bar their cross-claim, arguing that NDCC § 28–01–22 does not apply to quiet title actions. However, this assertion is inapposite because the cross-claim does not seek to quiet title, but rather recovery against C.A. Potter for a share of the proceeds from the sale of Lot 5.[2]

The appellants also contend that NDCC § 28–01–32 tolled the statute of limitation because five of the appellants were not in North Dakota in 1972. NDCC § 28–01–32 provides that if a person is out of North Dakota at the time a claim for relief accrues against him, the statute of limitation is tolled until the person returns to the state.

■ Here, the appellants were the parties instituting the cross-claim, not the ones against whom it was being asserted. Therefore, NDCC § 28–01–32 has no application in this case.

The final issue raised by the appellants is: "Did [C.A. Potter] give Constructive Notice as required for Adverse Possession situations?"

Here again, the appellants seem to confuse Steffes' quiet title action, which was based upon Steffes' adverse possession of Lot 5, with their cross-claim against C.A. Potter to recover a share of the sale proceeds. Appellants have failed to demonstrate how the adverse possession of C.A. Potter has any bearing on this case and we decline to venture beyond the issues raised on appeal.

We conclude the appellants have not demonstrated reversible error. Accordingly we affirm the judgment of the trial court.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

1. NDCC § 28–01–22 reads:
   "An action for relief not otherwise provided for must be commenced within ten years after the claim for relief has accrued."

2. It was Steffes who instituted the quiet title action; apparently, the appellants did not distinguish their cross-claim from Steffes' suit.